IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMANDA GUADALUPE MENA WASSMER,<br>*Petitioner*,<br>v.<br><br>FIELD OFFICE DIRECTOR, ICE, *et al*.,<br>*Respondents*. | 1:26-cv-2940-MSN-IDD |

ORDER

Amanda Guadalupe Mena Wassmer ("Petitioner") has filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which she asserts that she has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that her warrantless arrest and current detention without a bond hearing violates the Immigration and Nationality Act ("INA") (Count I) and her due process rights (Count II).

Petitioner is currently detained at the Caroline Detention Center in Caroline County, Virginia. In response to the Court's Order of September 8, 2026 (ECF 2), Federal Respondents filed a response. ECF 4.[1] On September 15, 2026, Petitioner filed a reply in support of her motion. ECF 5. As such, this Petition is ripe for disposition. For the reasons that follow, the Court will grant the Petition as to Count I.[2]

---

[1] Federal Respondents have waived any argument that Petitioner did not exhaust her administrative remedies with respect to her habeas claim.

[2] Because the Court grants the Petition as to Count I, it need not address Petitioner's other claims.

## I. BACKGROUND

Petitioner is a citizen of Nicaragua. ECF 1 ¶ 7. She entered the United Sates after inspection on August 11, 2021, and was admitted as a J-1 nonimmigrant. *Id.* ¶ 11. She was authorized to remain in the United Sates for a period not to exceed December 13, 2021, however, she remained in the United States past that date. ECF 4-3 at 2. On August 1, 2022, she submitted an application for asylum and withholding of removal to United States Citizenship and Immigration Services ("USCIS"). ECF 1 ¶ 12. Her application remains pending. *Id.*

Petitioner maintained residence within the Washington metropolitan area and complied with all instructions provided by USCIS. *Id.* ¶ 14. However, on September 4, 2026, ICE officers detained Petitioner at Washington Dulles International Airport as she returned from a domestic flight. *Id.* ¶ 15. Petitioner alleges, and Federal Respondents do not deny, that the Federal Respondents never obtained an administrative warrant for Petitioner's arrest. *Id.* ¶ 19; ECF 4 at 1-3. Petitioner filed her Petition the same day she was apprehended. ECF 1.

## II. ANALYSIS

Federal Respondents concede that Petitioner is detained under 8 U.S.C. § 1226. ECF 4 at 1. The central question posed in the Petition, therefore, is whether Petitioner's warrantless arrest violates either the INA or her due process rights. The INA permits that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). In relevant part, under 8 U.S.C. § 1357(a)(2), an ICE agent may, without a warrant, "arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest[.]" Regulations permit immigration authorities "to interrogate, without warrant, any alien or person believed to be

an alien concerning his or her right to be, or to remain, in the United States[.]" 8 C. F. R. § 287.5(a)(l). Regulations further provide that "[a] warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained." *Id.* § 287.8(c)(2)(ii). Put simply, immigration enforcement officers may conduct a warrantless civil immigration arrest only if they have probable cause to believe that a person is both in the United States unlawfully *and* an escape risk. Whether a person is likely to escape before an administrative warrant can be obtained requires an individualized determination based on knowledge of facts "particularized with respect to that person." *Barham v. Ramsey*, 434 F.3d 565, 573 (D.C. Cir. 2006) (quoting *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979)). Finally, "[a]t the time of the arrest, the designated immigration officer shall, as soon as it is practical and safe to do so ... (A) [i]dentify himself or herself as an immigration officer who is authorized to execute an arrest; and (B) [s]tate that the person is under arrest and the reason for the arrest." *Id.* § 287.8(c)(2)(iii).

Petitioner alleges that neither at the time of her arrest, nor presently, is there an administrative warrant for her arrest. ECF 1 ¶ 19. Federal Respondents do not deny that allegation and fail to produce any evidence of a warrant. *See* ECF 4 at 1-3. Furthermore, the record does not support the application of the warrant exception. The record is devoid of facts that suggest that there was any "reason to believe [Petitioner was] likely to escape before a warrant can be obtained for [her] arrest." 8 U.S.C. § 1357(a)(2). Instead, the factual record shows that Petitioner complied with all instructions provided to her by USCIS, maintained a consistent residence in the Washington metropolitan area, and was detained without issue on September 4, 2026. ECF 1 ¶¶ 14-15. "Immigration officers presumably could have obtained [Petitioner's] home address for further service of a Notice to Appear," if they did not already have it, "or to arrest [her] after

obtaining a warrant, as required by law." *Santos Gomez v. Guadian*, Civ. No. GLR-26-3078, 2026 WL 2546049, at *4 (D. Md. Aug. 28, 2026) (emphasis in original). As such, there is no evidence that the warrant exception applies in this case. *See Francisco S. v. Bondi*, No. 26-CV-1455 (ECT/DTS), 2026 WL 485291, at *3 (D. Minn. Feb. 20, 2026) (finding the limited factual record in that case did not allow the court to find that the warrant exception applied); *Lopez v. Noem*, Civil Action No. GLR-25-3662, 2025 WL 3496195 (D. Md. Dec. 5. 2025) (finding Respondent likely failed to meet the requirements of § 1357 because there was no evidence Respondent manifested an intention to escape); *Ramirez Ovando v. Noem*, No. 1:25-CV-03183-RBJ, 2025 WL 3293467, at *17 (D. Colo. Nov. 25, 2025) (finding Petitioner met their burden to show ICE arrested them without probable cause of flight risk based on individualized assessment); *United States v. Khan*, 324 F. Supp. 2d 1177, 1187 (D. Colo. 2004) ("I conclude the government has failed to meet its burden to show reasonable grounds to believe that Khan was likely to escape before a warrant could be obtained.").

Likely in light of these shortcomings, Federal Respondents instead cite one case in this district that they say supports the proposition that Petitioner cannot challenge a warrantless arrest in a habeas petition. ECF 4 at 3 (citing *Morales-Gudiel v. Guadian,* Case No. 1:26-cv-2844, Slip Op. at 1 (E.D. Va. Sep. 9, 2026)). This Court is not bound by that decision and finds that the law mandates the opposite conclusion. Courts have consistently found, and this Court agrees, that if a Petitioner was arrested without a valid warrant or finding of probable cause, that is a violation of the warrant requirement of 8 U.S.C. § 1226(a) and it renders Petitioner's detention unlawful. *See e.g.*, *Alberto C. M. v. Noem*, 817 F. Supp. 3d 735, 739 (D. Minn. 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a).") (citations omitted); *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) (finding the government

"failed to comply with the requirements of arrest and detention under [section 1226(a)] by failing to secure a warrant."); *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV-00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025); *A.E.R.T. v. Wofford*, No. 1:25-CV-01824-KES-SKO (HC), 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *Astudillo v. Hyde*, No. CV 25-551-JJM-AEM, 2025 WL 3035083, at *4 (D.R.I. Oct. 30, 2025); *Francisco S.*, 2026 WL 485291, at *4. Because the Court finds that Petitioner's arrest was warrantless and not sanctioned by § 1357(a)(2), immediate release is the appropriate remedy. *Santos Gomez*, 2026 WL 2546049, at *4 (collecting cases "that have found that noncompliance with 8 U.S.C. § 1357(a)(2) and its implementing regulations requires immediate release because an individual cannot be lawfully detained under § 1226(a) where the explicit warrant requirement is not satisfied").

## III. CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Petitioner be immediately released from custody, with all her personal property, pending her bond hearing before an immigration judge. Petitioner must live at a fixed address which she must provide to the Federal Respondents.[3] Petitioner must also appear at the bond hearing once Federal Respondents notify her of its date, time, and location; it is further

ORDERED that Federal Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a); it is further

ORDERED that Federal Respondents are ENJOINED from denying Petitioner release on bond on the basis that she is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

[3] If Petitioner opts to file a pleading in this civil action notifying the Federal Respondents of her fixed address, Petitioner should file that pleading under seal. No separate motion to seal will be required.

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless she has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

**IT IS SO ORDERED.**

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

September 17, 2026
Alexandria, Virginia